UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF FLORIDA
CASE NO. 20-cv-60060-RS

ADRIANA BARBIERI

      Plaintiff,

vs.

441 MOTORS, LLC

      Defendant.
_____/

**DEFENDANT 441 MOTORS, LLC'S MOTION TO DISMISS COMPLAINT**
**AMENDED COMPLAINT**

Defendant, 441 Motors, LLC (hereinafter, "441"), pursuant to 12(b)(1) and (6), Federal Rules of Civil Procedure, hereby moves to dismiss the Amended Complaint, as grounds thereof, states as follows:

**BACKGROUND**

Adriana Barbieri (hereinafter, "Plaintiff") filed this lawsuit as the representative of a putative class who allegedly received one (1) unsolicited text messages from 441 in the past four years alleging a violation of the Telephone Consumer Protection Act of 1991 ("TCPA"), 47 U.S.C. ¶ 227(c).  Plaintiff alleges she has been listed on the "Do Not Call Registry" since May 20, 2017. [D.E. 12, ¶ 16].  Plaintiff alleges that 441 sent a single marketing text message to her without her consent on October 5, 2019.  [DE 12 ¶¶ 11, 13, 17].   In fact, Plaintiff only identifies one text message in her complaint on October 5 at 12:06 p.m. [DE 12 ¶¶ 11].  Within the text, 441 provided Plaintiff an option to opt out of receiving messages. *Id*.  At 3:39 p.m., the very same day, Plaintiff opted out by pressing STOP. *Id*.  Plaintiff alleges this single text message caused a depletion of her cellular telephone battery and memory space, which "poses a real risk of ultimately rendering

1

the phone unusable for text messaging purposes as a result of the phone's memory being taken up." [D.E. 12, ¶¶ 20, 21].

Plaintiff seeks the statutory minimum of $500.00 in damages for each violation, as well as an injunction against future calls. [D.E. 12, ¶ 43]. Additionally, Plaintiff seeks a finding that Defendant's actions were willful and knowing, thus justifying treble statutory damages. *Id.*

As demonstrated below, Plaintiff's allegations are insufficient to allege a claim.

## STANDARD

Federal Rule of Civil Procedure 12(b)(6) allows an attack on the pleadings for failure to state a claim upon which relief can be granted. "[W]hen ruling on a defendant's motion to dismiss, a judge must accept as true all of the factual allegations contained in the complaint." *Erickson v. Pardus*, 551 U.S. 89, 93 (2007). A court is "not bound to accept as true a legal conclusion couched as a factual allegation." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (internal quotation marks omitted). "Nor does a complaint suffice if it tenders naked assertion[s] devoid of further factual enhancement." *Id*. (alteration in original; citation and internal quotation marks omitted). A complaint must "state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007). This means that the complaint must plead "factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678. "The plausibility standard is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully." *Id*.

## ARGUMENT

**A.    Plaintiff does not sufficiently allege an injury in fact sufficient to confer standing.**

Article III vests the judicial power in the federal courts and extends that power to "Cases" and "Controversies." U.S. Const. art. III, §§ 1–2. One tool for determining that the matters before

us are truly cases or controversies, as understood by Article III, is the doctrine of standing. *Lujan v. Defenders of Wildlife*, 504 U.S. 555, 560, 112 S.Ct. 2130, 119 L.Ed.2d 351 (1992). "The law of Article III standing ... serves to prevent the judicial process from being used to usurp the powers of the political branches." *Clapper v. Amnesty Int'l USA*, 568 U.S. 398, 408, 133 S.Ct. 1138, 185 L.Ed.2d 264 (2013). Even when those political branches appear to have granted us jurisdiction by statute and rule, we are still obliged to examine whether jurisdiction exists under the Constitution.

As the Supreme Court has explained, the "irreducible constitutional minimum" to establish Article III standing requires three elements. *Lujan*, 504 U.S. at 560, 112 S.Ct. 2130. "The plaintiff must have (1) suffered an injury in fact, (2) that is fairly traceable to the challenged conduct of the defendant, and (3) that is likely to be redressed by a favorable judicial decision." *Spokeo, Inc. v. Robins,* —— U.S. ——, 136 S. Ct. 1540, 1547, 194 L.Ed.2d 635 (2016) (citing *Lujan*, 504 U.S. at 560–61, 112 S.Ct. 2130).

"To establish injury in fact, a plaintiff must demonstrate he or she suffered 'an invasion of a legally protected interest' that is 'concrete and particularized' and 'actual or imminent, not conjectural or hypothetical.' " *Id*. at 1548 (quoting *Lujan v. Defs. of Wildlife*, 504 U.S. 555, 560 (1992)).  For an injury to be particularized, it "must affect the plaintiff in a personal and individual way." *Lujan*, 504 U.S. at 560 n.1.  For the injury to be "concrete," it must be "real," and not "abstract;" however it need not be "tangible." *Spokeo*, 136 S. Ct. at 1548-49 (explaining intangible violations such as restricting free speech can qualify as concrete harms).

1.    **Receipt of a Single Text Message Does Not Constitute Injury.**

Congress passed the Telephone Consumer Protection Act ("TCPA") to protect individual consumers from receiving intrusive and unwanted calls. *Mims v. Arrow Fin. Servs., LLC*, 565 U.S.

368, 371 (2012) ("Congress determined that federal legislation was needed because telemarketers, by operating interstate, were escaping state-law prohibitions on intrusive nuisance calls.").

In *Salcedo v. Hanna,* the Eleventh Circuit considered history – the standing-conferring injuries that are "grounded in historical practice" – and the judgment of Congress in crafting the TCPA to determine whether the receipt of an isolated text message constituted an injury-in-fact, consistent with Supreme Court precedent. 936 F.3d 1162, 1168, 1170 (11th Cir. 2019). In *Salcedo,* the Eleventh Circuit held in a binding decision that "receiving a single text message" "is not the kind of harm that constitutes an injury in fact" under Article III. *Id*. As the Eleventh Circuit noted in *Salcedo*, the "chirp, buzz, or blink of a cell phone receiving a single text message is more akin to walking down a busy sidewalk and having a flyer briefly waived in one's face. Annoying perhaps, but not a basis for invoke jurisdiction of the federal courts." 936 F.3d at 1172.

Likewise, in *Fenwick v. Orthopedic Specialty Institute, PLLC*, 2020 WL 913321 (S.D. Fla. Feb 4, 2020), the court dismissed the TCPA claim relying upon the holding in *Salcedo.* In *Fenwick,* the Court held two text messages sent back-to-back were not found to have caused an injury in fact sufficient to establish Article III standing. In that case, Fenwick received two short, identical text messages at the same time. Three minutes later, Fenwick responded "stop" and instantly received a confirmation of her opt-out. Fenwick did not allege that she received the initial two text messages at two different times nor did she allege that she addressed the text messages separately.

The *Salcedo* and *Fenwick* cases are buttressed by several District Court cases outside the Florida District Courts. For example, in *Smith v. Altima Med. Equip*., No. CV 16-00339-AB, 2016 WL 4618780, at ** 4--5 (C.D. Cal. July 29, 2016), the court held, "Any depletion of [a] Plaintiff's battery, or aggravation or nuisance, resulting from only one call, is a de minimis injury." (finding

no standing for alleged injuries in TCPA case). *Smith* dismissed with prejudice a TCPA purported class action lawsuit arising from one phone call allegedly made in violation of the statute that was claimed to cause injury consisting of "telephone and electrical charges, the aggravation, nuisance, and invasion of privacy that necessarily accompanies the receipt of unsolicited and harassing telephone calls." *Id.* at *1. The court rejected the plaintiff's position, which is indistinguishable from that presented here, ruling as follows:

> [T]he receipt of one phone call, as alleged by Plaintiff, is comparable to the receipt of a text message and any drainage of battery from a single call is surely minimal.... [¶] At most, the phone call lasted for a few seconds. Any depletion of Plaintiff's battery, or aggravation and nuisance, resulting from only one call, is a de minimis injury. The Court finds that "[t]he injury is too de minimis to satisfy the standing doctrine's core aim of improving judicial decision-making by ensuring that there is a specific controversy before the court and that there is an advocate with sufficient personal concern to effectively litigate the matter." *Caldwell v. Caldwell*, 545 F.3d 1126, 1134 (9th Cir. 2008). Plaintiff's de minimis injury is not sufficient to confer standing. Nor can Plaintiff amend the Complaint to allege more than a de minimis injury given the fact that she received only one call.

Also in *Olmos v. Bank of America, N.A.*, No. 15-cv-2786, 2016 WL 3092194 (S.D. Cal. June 6, 2016), the court held, even where the "[p]laintiff receive[s] two short text messages [it is] insufficient to convey standing because the loss of battery life and bandwidth as a result of these two messages was de minimis." See *Id* at *4.

This case is indistinguishable from *Fenwick and Salcedo.* In this case, just as in *Fenwick and Salcedo,* Plaintiff's claim for a violation of the TCPA is only based upon the receipt of a single text message.  [D.E. 12, ¶ 11].   This is evident from the copy of the text message included in paragraph eleven (11) in the Amended Complaint. [D.E. 12, ¶ 11].   The column to the left in the picture in paragraph eleven (11) is the original text. The right column shows the very same text and that Plaintiff opted out by pushing "STOP."  Similar to *Fenwick,* Plaintiff instantly received a

5

confirmation of her opt-out. [D.E. 12, ¶ 11]. To the extent Plaintiff asserts this confirmatory text message constitutes a second text, her claim fails. A confirmatory text message, which is the only additional message sent, does not violate the TCPA. *Fenwick supra.*

Plaintiff attempts to plead around *Fenwick* and *Salcedo* by suggesting that she received "some" text messages from 441, but she does not provide any detail as to when she received the texts, or the number it was sent from. *Id*. In *Abbas v. Selling Source, LLC* 2009 WL 4884471 (N.D. Ill. Dec 14, 2009), the court granted defendant's motion to dismiss based on the plaintiff's lack of specificity. In *Abbas*, the court held "there is no allegation regarding when Abbas received the later messages, what those messages stated, or from what numbers he received the later messages. Some fair notice to Selling source is particularly necessary here because Abbas seeks recovery for each violation of the TCPA." *Id*. at *2. The court noted, that the complaint contained "broad, conclusory allegations regarding the 'numerous' further messages that [plaintiff] allegedly received[,]" *Id*. at *2, further specifying that the plaintiff failed to provide "allegation[s] regarding when [he] received the later messages, what those messages stated, or from what numbers he received the later messages." Here, the Amended Complaint should be dismissed to the extent Plaintiff relies upon any text messages other than the one mentioned in paragraph eleven (11) of the Amended Complaint.[1] *Id*.

Indeed, it is not plausible that Plaintiff received any additional text messages from Defendant given the first text message was sent on October 5, 2019 at 12:06 p.m. and Plaintiff opted out from receiving messages from Defendant the very same day at 3:39 p.m. [D.E. 12, ¶

---

[1] Defendant pointed out in its motion to dismiss complaint that Plaintiff failed to allege any other text messages that served the basis of the claim other than the one sent back to back referenced in the complaint. [D.E. 10, p. 5]. Though Defendant pointed out that Plaintiff should have asserted other text messages serving the basis of her claim, Plaintiff failed to correct this deficiency, instead only relying upon the very same text message it relied upon in the Original Complaint.

6

11]. It is not probable that Defendant sent any other texts between 12:06 p.m. and 3:39 p.m. that same afternoon. If Defendant sent any additional unwanted texts, common sense tells us that Plaintiff would have included it in the Complaint or alleged the additional dates and times the texts were sent. Plaintiff, however, did not assert these facts.

Moreover, Plaintiff's receipt of a single text message on her cell phone does not constitute a cognizable injury. Plaintiff further attempts to plead around *Fenwick* and *Salcedo* by alleging that the text(s) "took up memory space" that, "the cumulative effect of unsolicited text messages,"… "poses a real risk of ultimately rendering the phone unusable for text messaging purposes as a result of the phone's memory being taken up." [D.E. 12, ¶¶ 20, 21]. Indeed, this is the only injury Plaintiff complains of in the complaint. The Plaintiff in *Fenwick* unsuccessfully made these very same allegations. See Fenwick Complaint, ¶¶ 41, 45, 46. Here, as in *Fenwick and Salcedo*, none of these allegations establish standing. As the Court did in *Salcedo and Fenwick*, this Court should look past conclusory recitations "to the actual substance" of Plaintiff's allegations. *Fenwick* at *4.

Plaintiff's allegation that a) the text message took up memory on her phone, b) caused a depletion of her cellular telephone phone battery, and c) "the cumulative effect of unsolicited messages like Defendant's poses a real risk of ultimately rendering the phone unusable for text messaging purposes as a result of the phone's memory being taken up," similarly does not constitute a cognizable harm or injury in fact. Similar to *Fenwick*, Plaintiff does not allege that 441's Text actually caused her phone to run out of memory or otherwise render it unusable for any other purpose. The Eleventh Circuit held that a single text message occupying memory on a cell phone "is precisely the kind of fleeting infraction upon personal property that tort law has resisted addressing." *Salcedo*, 936 F.3d at 1172. Again, Plaintiff does not allege that the text(s) actually

7

caused her to run out of memory or render her phone inoperable for text messaging; only that it, "caused the depletion of Plaintiff's cellular telephone battery," [D.E. 12, ¶ 20] and it "poses a real risk of rendering her phone unusable for text messaging purposes." [D.E. 12, ¶ 21]. Accordingly, this claimed injury is too conjectural or hypothetical to create Article III standing.

**B.      Plaintiff fails to state a claim for a violation of 227(c) since she fails to allege that she received more than one text.**

Even assuming, arguendo, that Plaintiff could conceivably show an injury, she fails to state a claim for a violation of 47 U.S.C. § 227(c). The TCPA permits such a claim by any "person who has received more than one telephone call within any 12–month period by or on behalf of the same entity...." 47 U.S.C. 227(c)(5). Section 227(c) directs the Federal Communications Commission (FCC) to formulate regulations to protect telephone subscribers' privacy rights, 47 U.S.C. § 227(c)(2), and authorizes the establishment of a national database to compile the numbers of telephone subscribers who object to receiving telephone solicitations. 47 U.S.C. § 227(c)(2–3)." *Narayn v. Citibank, N.A.*, 2013 WL 4780864, at *3 (E.D. Cal. Sept. 4, 2013). "The regulations promulgated under section 227(c) prohibit the initiation of any telephone solicitation to a telephone subscriber who has registered his or her telephone number on the National Do Not Call Registry. 47 C.F.R. § 64.1200(c)(2)." *Id.* Section 227(c), however, relates only to residential telephone subscribers. 47 U.S.C. § 227(c); See also, *Cordoba v. Directv, LLC*, 942 F.3d 1259 (11th Cir. 2019); *Jung v. Bank of Am., N.A.*, No. 3:16-CV-00704, 2016 WL 5929273, at *9 (M.D. Pa. Aug. 2, 2016). See 47 C.F.R. § 64.1400(d)(3) (specifying "residential subscriber").

To bring suit, the Plaintiff here must have received unwanted calls on more than one occasion. 47 U.S.C. § 227(c)(5), These calls must have been to a residential number listed on the Do-Not-Call registry. Plaintiff's claim for a violation of § 227(c) fails since she does not allege any facts that she had received two or more calls in a twelve-month period. [D.E. 12, ¶ 11].

8

Instead, Plaintiff asserts she received as single text message and does not specify whether she received any additional text messages or phone calls beyond October 5, 2019. *Id*. To the extent Plaintiff contends the confirmatory text message constitutes a second text, her claim fails. As argued above, a confirmatory text message, which is the only additional message sent, does not violate the TCPA. *Fenwick supra.*

As argued above, Plaintiff attempts to plead around *Fenwick* and *Salcedo* by suggesting that she received "some" text messages from 441 starting October 5, 2019, but she does not provide any detail as to when she received the texts, or the number it was sent from. *Id*. Indeed, it is not probable that Defendant sent any other texts to Plaintiff between October 5, 2019 at 12:06 p.m. when she first received the text, and 3:39 p.m. when she opted out that same afternoon, [D.E. 12 ¶ 11]. Had Defendant sent any additional unwanted texts, common sense tells us that Plaintiff would have included a copy of it in the Complaint or alleged the additional dates the texts were sent. Plaintiff includes no additional facts showing she was the recipient of any additional texts from Defendant. For this reason, Plaintiff fails to sufficiently allege that she received more than one phone call within any 12-month period. This should result in a dismissal of the action.

Moreover, Plaintiff's allegations related to § 227(c) provide no detail whatsoever as to the nature or extent of this alleged violation – including whether Plaintiff's cellular number was residential or a business line. [D.E. 12, ¶ 11]. In *Sterling v. Securus Technologies, Inc.*, 2019 WL 3397043 (D.C. Conn July 26, 2019) dismissed Plaintiffs' TCPA claim, in part, for failing to allege whether or not the alleged calls they received from Securus were made to residential or business lines. *Sterling*, 2019 WL 3387043, at *7 ("Plaintiffs have not stated whether Securus dialed home or office telephone numbers.").

9

Because Plaintiff does not allege that she received more than one text within a 12-month period and whether her number is a personal or business line, the § 227(c) claim should be dismissed.

### C. Claims asserting willful violations should be dismissed independently.

Plaintiff's demand for treble damages for a "knowing and/or willful" violation of § 227(c) fails for the reasons above. Additionally, Plaintiff does not allege that Defendant's actions were knowing and/or willful. Indeed, Plaintiff only mentions the word "willful" in a) Paragraph twenty-nine (29) of the Amended Complaint where Plaintiff alleges "Whether Defendant conduct was knowing and willful" [D.E. 12, ¶ 29]; b) Paragraph forty-two (42) where Plaintiff alleges "To the extent Defendant's conduct is determined to be willful and knowing"; and (c) on page 9 of the Amended Complaint in the WHEREFORE CLAUSE where Plaintiff demands, "Statutory Damages…if proven to be willful." Thus, at no place in the Amended Complaint does Plaintiff allege Defendant's conduct was willful and knowing. This is insufficient to assert a claim for treble damages. *Iqbal*, 556 U.S. at 678. To the extent the court finds that Plaintiff has alleged the actions were willful and knowing, Plaintiff's assertions are base legal conclusions [unsupported by any further allegations]. Accordingly, the Court can and should disregard them. *Iqbal*, 556 U.S. at 678 (holding that "the tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions").

### D. Plaintiff does not have standing to seek an injunction.

Plaintiff does not have standing to seek injunctive relief because there is no threat of future injury. As plainly conceded by Plaintiff in the Complaint, upon receiving the subject text, Plaintiff replied "STOP" and thereafter received a one-time confirmatory message confirming that Plaintiff will no longer receive texts from the sender. [DE 12, ¶ 11]. "The Supreme Court has long held

that to seek prospective or injunctive relief, plaintiffs (including individually named plaintiffs representing a class) must be able to demonstrate more than mere injury from past wrongs." *Veal v. Citrus World, Inc.,* No. 12-801, 2013 WL 120761 at *6 (N.D. Ala. Jan. 8, 2013). Rather, a plaintiff seeking injunctive relief must establish "continuing, present adverse effects" traceable to the defendant's conduct. *O'Shea v. Littleton*, 414 U.S. 488, 495–96 (1974); *Wooden v. Bd. of Regents of the Univ. Sys.*, 247 F.3d 1262, 1283 (11th Cir. 2001) ("[T]o have standing to obtain forward-looking relief, a plaintiff must show a sufficient likelihood that he will be affected by the allegedly unlawful conduct in the future."). This requires that Plaintiff demonstrate "a real and immediate—as opposed to a merely conjectural or hypothetical—threat of future injury." *Shotz v. Cates*, 256 F.3d 1077, 1082 (11th Cir. 2001). There must be a "substantial likelihood of injury in the future." *Wooden*, 247 F.3d at 1284. The Court should consider the "totality of the facts" alleged to determine whether there is a substantial risk of future injury. See *Houston v. Marod Supermarkets, Inc*., 733 F.3d 1323, 1336 (11th Cir. 2013).

Here, Plaintiff also lacks Article III standing to seek injunctive relief. Plaintiff opted out from receiving any messages affiliated with 441 the same day she received the subject text; 441 confirmed a one-time response that Plaintiff would not receive any further messages. [D.E. 12 ¶ 11]. Plaintiff did not allege that she received any further text messages from 441 after she responded "STOP." Because Plaintiff opted out from receiving further messages from 441, there is no substantial likelihood that she will be injured again in the future by 441 sending her a text message. Thus, considering the totality of the alleged facts, Plaintiff does not have Article III standing to seek injunctive relief.

## **CONCLUSION**

For the above reasons, Plaintiff's complaint should be dismissed with prejudice.

11

## **CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that on this 1st day of June 2020, I filed the foregoing document with the Clerk of the Court using CM/ECF.

>SOLNICK LAW P.A.
>17501 Biscayne Boulevard, Suite 420
>Aventura, FL 33160
>Tel: 305-629-6530
>Email: pete@solnicklaw.com
>
>/s/ *Peter J. Solnick*

By: _____
>Peter J. Solnick, Esq./Fla. Bar. 670006