**UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA**

**Case No.:** 0:20-cv-60060

ADRIANA BARBIERI,

    Plaintiff,

v.

441 MOTORS, LLC.,

    Defendant.

_____/

**RESPONSE IN OPPOSITION TO DEFENDANT'S MOTION TO DISMISS [D.E. 14]**

    Plaintiff Adriana Barbieri ("Plaintiff") submits this Response to Defendant 441 Motors, LLC's ("Defendant") Motion to Dismiss and states:

### INTRODUCTION

1. Defendant's Motion to Dismiss [D.E. 14] (the "Motion") is the product of Defendant's *plainly erroneous* reading of the First Amended Complaint [D.E. 12] (the "FAC"), Defendant's *clear miscomprehension* of the authority it believes to be relevant, and, of course, Defendant's rampant mischaracterization of the *actual* allegations of the FAC. *See, e.g.*, Motion at 1 (wherein Defendant, **even while citing FAC at ¶ 17**, flagrantly claims "Plaintiff alleges that 441 sent a single marketing text message to her without consent on October 5, 2019."); FAC at 4, ¶ 17 (wherein Plaintiff clearly and objective alleged "[d]espite Plaintiff having been registered on the National Do-Not-Call Registry since May 20, 2017, **Defendant sent Plaintiff more than two marketing text messages**." (emphasis added)). As illustrated further below, Defendant's Motion is of zero merit and, as such, Plaintiff asks this Court to *deny* Defendant's objectively frivolous Motion to Dismiss, and in so doing, award Plaintiff attorneys' fees and cost for having to respond to the same.

**POSTURE & BACKGROUND**

2.     On May 29, 2020, Plaintiff, individually and on behalf of the proposed "Do Not Call Registry Class,"[1] filed her First Amended Complaint (FAC) alleging Defendant "violated 47 U.S.C. § 227(c)(5)" by sending "more than one text message in a 12-month period…." FAC at 8, ¶ 41.

3.     On June 01, 2020, Defendant filed the Motion to Dismiss (Motion) now before this Court. See D.E. 14. In the Motion, Defendant advances four principle arguments: (1) "**Plaintiff does not sufficiently allege an injury in fact sufficient to confer standing**;" Motion at 3 (emphasis original), (2) "**Plaintiff fails to state a claim for violation of 227(c) since she fails to allege that she received more than one text**;" Motion at 8 (emphasis original), (3) "**Claims asserting willful violations should be dismissed independently**;" Motion at 10 (emphasis original), and (4) "**Plaintiff does not have standing to seek and injunction**." Id.

4.     Setting aside Defendant's erroneous reading and otherwise mischaracterization of the allegations contained in the FAC, Defendant's seminal argument, *i.e.*, that "*Plaintiff does not sufficiently allege an injury in fact sufficient to confer standing*," Motion at 3 (emphasis added), is premised entirely on Defendant's fundamental misunderstanding of Telephone Consumer Protection Act ("TCPA") violations arising under 47 U.S.C. § 227(c). As for Defendant's second, third, and fourth argument, *supra* ¶ 3, such are the result of Defendant's *refusal* to read the plain-and-clear allegations of the FAC and otherwise the product of Defendant's willful mischaracterization of the FAC's allegations in an attempt to delay litigation, waste the resources of Plaintiff, and mislead this Court.

---

[1] FAC at 5, ¶ 23 (wherein Plaintiff defines the "Do Not Call Registry Class" as consisting of: "**[1]** All persons in the United States **[2]** within the four years immediately preceding the filing of this Complaint **[3]** whose cellular telephone number **[4]** was sent more than one text message **[5]** within any 12-month period **[6]** from Defendant, or another person or entity acting on Defendant's behalf, **[7]** whereby said cellular telephone number was placed on the national do-not-call registry more than thirty-one (31) days prior to the class member being sent the subject text messages(s).").

PAGE | **2** of **10**

LAW OFFICES OF JIBRAEL S. HINDI, PLLC
110 SE 6th Street, 17th Floor | Ft. Lauderdale, Florida 33301 | Phone (954) 907-1136 | Fax (855) 529-9540
www.JibraelLaw.com

## STANDARD

5. Under Federal Rule of Civil Procedure 8(a)(2), a pleading must contain "'a short and plain statement of the claim showing that the pleader is entitled to relief,' in order to 'give the defendant fair notice of what the . . . claim is and the grounds upon which it rests.'" Bell Atl. Corp. v. Twombly, 550 U.S. at 555 (citations omitted). In Twombly, the Supreme Court explained that "[t]o survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" Ashcroft v. Iqbal, 129 S. Ct. at 1949 (citation omitted). In sum, "[t]he plausibility standard 'calls for enough fact to raise a reasonable expectation that discovery will reveal evidence' of the defendant's liability." Miyahira v. Vitacost.com, Inc., 715 F.3d 1257, 1265 (11th Cir. 2013) (*quoting* Twombly, 550 U.S. at 556).

6. The Eleventh Circuit, in addressing the pleading standard under Twombly, has stated that "[t]his rule does not 'impose a probability requirement at the pleading stage.'" Rivell v. Private Health Care Sys., Inc., 520 F.3d 1308, 1309 (11th Cir. 2008) (*citations omitted*); *see also* F.T.C. v. 1st Guar. Mortg. Corp., No. 09-61840-CIV-SEITZ, 2011 WL 1226213, at *2 (S.D. Fla. Mar. 30, 2011) ("Dismissal is only appropriate where the plaintiff's factual allegations do not 'raise a right to relief above a speculative level.'"). Instead, the "standard 'simply calls for enough fact to raise a reasonable expectation that discovery will reveal evidence' of the required element." Id. at 1309-10 (*citations omitted*). "It is sufficient if the complaint succeeds in 'identifying facts that are suggestive enough to render [the element] plausible.'" Id. at 1310 (*citations omitted*). When considering a motion to dismiss for failure to state a claim, the "allegations in the complaint are taken as true and construed in the light most favorable to the plaintiffs." Id. at 1309.

LAW OFFICES OF JIBRAEL S. HINDI, PLLC
110 SE 6th Street, 17th Floor | Ft. Lauderdale, Florida 33301 | Phone (954) 907-1136 | Fax (855) 529-9540
www.JibraelLaw.com

**DEFENDANT FAILS TO GRASP THE DIFFERENCE BETWEEN VIOLATIONS OF § 227(b) AND VIOLATIONS OF § 227(c) OF THE TCPA AND, *WITHOUT QUESTION*, PLAINTIFF HAS SUFFERED A "CONCRETE INJURY THAT MEETS THE MINIMUM REQUIREMENTS OF ARTICLE III STANDING."**

7. It is without question that, "[t]o establish injury in fact, a plaintiff must show that he or she suffered 'an invasion of a legally protected interest' that is 'concrete and particularized' and 'actual or imminent, not conjectural or hypothetical.'" Spokeo, Inc. v. Robins, 136 S. Ct. 1540, 1548 (2016) (*quoting* Lujan v. Defs. of Wildlife, 504 U.S. 555, 561 (1992)). Equally without question is that "[t]he TCPA creates a private right of action for anyone who receives more than one call within a year from the same entity in violation of these regulations, and plaintiffs can recover $500 in statutory damages for each violation." Cordoba v. DIRECTV, LLC, 942 F.3d 1259, 1265 (11th Cir. 2019) (*citing* 47 U.S.C. § **227(c)**(5)). Defendant, however, simply ignores such binding precedent and, instead, chooses to advance argument inapplicable to the case at hand.

8. Here, Defendant attempts to build upon its utterly *false* portrayal of the FAC as involving a *single* text message by feverously heralding precedent **involving violations of 47 U.S.C. § 227(b)** as "indistinguishable" from Plaintiff's claim arising under **§ 227(c)**. *See* Motion at 5 (wherein Defendant claims Plaintiff's case to be "indistinguishable" from Salcedo v. Hanna, 936 F.3d 1162, 1169 (11th Cir. 2019) and Fenwick v. Orthopedic Specialty Inst., PLLC, No. 0:19-CV-62290, 2020 U.S. Dist. LEXIS 21566 (S.D. Fla. Feb. 4, 2020)).

9. Plainly, in Salcedo, the Eleventh Circuit grappled with whether the plaintiff had sustained a sufficiently "concrete" injury to manifest the necessary Article III standing to pursue an alleged violation of 47 U.S.C. § 227(b)(1)(A)(iii). Setting aside the fact that Plaintiff's claim arises under § 227(c) *and not* § 227(b), *see, e.g.*, FAC at 4, ¶ 17, as the Eleventh Circuit made clear in a subsequent decision, "**[t]he receipt of more than one unwanted telemarketing call … is a concrete injury that meets the minimum requirements of Article III standing**." Glasser v

PAGE | **4** of **10**

LAW OFFICES OF JIBRAEL S. HINDI, PLLC
110 SE 6th Street, 17th Floor | Ft. Lauderdale, Florida 33301 | Phone (954) 907-1136 | Fax (855) 529-9540
www.JibraelLaw.com

Hilton Grand Vacations Co., 948 F.3d 1301, 1306 (11th Cir. Fla. January 27, 2020) (*quoting* Cordoba, 942 F.3d 1259 at 1270). In fuller context, the Glasser court stated:

> The only tricky issue is whether these unwanted phone calls amount to concrete injuries. That Congress called them injuries and awarded damages for them does not end the inquiry. Congress "cannot erase Article III's standing requirements" by granting a plaintiff "who would not otherwise have standing" the right to sue *via* statute. Spokeo, Inc. v. Robins, 136 S. Ct. 1540, 1547-48, 194 L. Ed. 2d 635 (2016) (quotation omitted). A real injury remains necessary. **But a recent decision, as it happens, resolves the point for the plaintiffs**. "**The receipt of more than one unwanted telemarketing call**," the court concluded, "**is a concrete injury that meets the minimum requirements of Article III standing**." Cordoba v. DIRECTV, LLC, 942 F.3d 1259, 1270 (11th Cir. 2019). We appreciate that the point is close, as another decision of the court suggests. *See* Salcedo v. Hanna, 936 F.3d 1162, 1168 (11th Cir. 2019). **But Cordoba resolves it, establishing an Article III injury and giving plaintiffs standing to bring these claims.**

Glasser, 948 F.3d 1301 at 1305-1306 (emphasis added).

10. The same is true for the facts Fenwick, *in that*, the therein plaintiff's claims involved violations of § 227(b) of the TCPA, *not* violations of § 227(c), and whether the plaintiff sufficiency alleged the use of an Automated Telephone Dialing System ("ATDS"). Make no mistake, liability under 42 U.S.C. § 227(c) does not require a defendant to have utilized an either ATDS or prerecorded voice. Rather, violations of § 227(c) of the TCPA, as discussed below, **simply require more than one call within a twelve-month period to a number listed on a do-not-call registry**. Spinelli v. Storm Tight Windows, 2019 U.S. Dist. LEXIS 27573, at *10-11 (S.D. Fla. Feb. 21, 2019).

11. With respect to the matter at hand, *again*, Plaintiff seeks to hold Defendant liable under § 227(c) of the TCPA for sending Plaintiff two or more text messages within any 12-month period more than thirty (30) days after Plaintiff registered her telephone number on the National Do-Not-Call Registry. *See* FAC at 3, ¶ 11, 14-17. Defendant's attempt to shoehorn inapplicable

argument into a merits challenge to the FAC, *at best*, misguided and *at worst* an intentional attempt to waste the resources of Plaintiff and this Court.

12. Simply put, and as the Eleventh Circuit makes clear, the two or more marketing text messages Defendant sent to Plaintiff, *see* FAC at ¶ 17, meets the minimum requirements of Article III standing and Defendant's argument does not apply to Plaintiff's § 227(c)(5) claim.

**THE ACTUAL ALLEGATIONS OF THE FIRST AMENDED COMPLAINT CLEARLY ESTABLISH A *PRIMA FACIE* CASE AGAINST DEFENDANT FOR VIOLATION OF 42 U.S.C. § 227(c).**

13. Defendant's second argument, *i.e.*, that "Plaintiff fails to state a claim for violation of 227(c) since she fails to allege that she received more than one text," Motion at 8, fails in the same spectacular fashion as Defendant's other arguments, *in that*, Defendant's attack is *objectively* premised on a complete *false* reading of the *actual* allegations contained in the FAC. *See, e.g.*, Motion at 8 (wherein Defendant continues is erroneous scheme of mischaracterizing the allegations of the FAC to support Defendant's manufactured and otherwise illusory challenge to the FAC, stating "Plaintiff's claim for violation of § 227(c) fails since she does not allege any facts that she had received two or more [text messages] in a twelve-month period.").

14. "Under 47 U.S.C. § 227(c) and the related regulations, it is a violation of the TCPA for parties to make more than one call within a twelve-month period to a number listed on a do-not-call registry provided for by the Federal Communications Commission [] without the residential telephone subscriber's prior express written consent. 47 U.S.C. § 227(c)(5); 47 C.F.R. § 64.1200(c)(2); 47 C.F.R. § 64.1200(e)." Spinelli v. Storm Tight Windows, 2019 U.S. Dist. LEXIS 27573, at *10-11 (S.D. Fla. Feb. 21, 2019).

15. As the FAC makes plain-and-clear, "**on or about October 5, 2019, Defendant began sending marketing text messages to Plaintiff's cellular telephone number [] without**

LAW OFFICES OF JIBRAEL S. HINDI, PLLC
110 SE 6th Street, 17th Floor | Ft. Lauderdale, Florida 33301 | Phone (954) 907-1136 | Fax (855) 529-9540
www.JibraelLaw.com

**Plaintiff's prior express consent**." FAC at 3, ¶ 11 (emphasis added). "At no point in time did Plaintiff provide Defendant with Plaintiff's express written consent to be contacted by text message. In fact, **Plaintiff did not provide Defendant with any consent, express or otherwise, to contact Plaintiff**." FAC at 3, ¶ 13 (emphasis added). "No business relationship, established or otherwise, has ever existed between Defendant and Plaintiff, *in that*, Defendant had no expectation or reason to believe it could send the complained of marketing text messages to Plaintiff for any reason." FAC at 3, ¶ 14. "**Plaintiff has been on the National Do-Not-Call Registry since May 20, 2017**." FAC at 3, ¶ 16 (emphasis added). Lastly, and most pointed of all, "**[d]espite Plaintiff having been registered on the National Do-Not-Call Registry since May 20, 2017, Defendant sent Plaintiff more than two marketing text messages**." FAC at 3, ¶ 17. Defendant's attempt to portray Plaintiff as alleging to have received *only* one text message is *completely* contrary to the *actual* allegations contained in the FAC.

**DEFENDANT'S UNSUPPORTED ATTEMPT TO PREVENT PLAINTIFF FROM RECOVERING TREBLE DAMAGES FOR VIOLATIONS OF THE TCPA PROVEN TO BE WILLFUL, ALONG WITH DEFENDANT'S MISGUIDED CHALLENGE TO THE INJUNCTIVE RELIEF SOUGHT BY PLAINTIFF, EQUALLY WARRANT REJECTION.**

16.     In a fading attempt to drum-up illusory challenges to the sufficiency of the FAC, Defendant claims that Plaintiff ought not be able to recover treble damages from Defendant for its (Defendant's) willful violations of the TCPA. Defendant, however, offers no support for such argument. Luckily for Plaintiff, the statute under which she seeks to hold Defendant accountable affords the relief Plaintiff justifiably seeks. *See* Cordoba, 942 F.3d 1259 at 1265 ("The TCPA creates a private right of action for anyone who receives more than one call within a year from the same entity in violation of these regulations, and plaintiffs can recover $500 in statutory damages for each violation. *See* 47 U.S.C. § 227(c)(5). The statute provides an affirmative defense for defendants who 'established and implemented, with due care, reasonable practices and procedures

to effectively prevent telephone solicitations in violation of the regulations,' but it also makes available treble damages against a defendant who 'willfully or knowingly violated the regulations.'").

17. As for Defendant's final argument, *i.e.*, that Plaintiff lacks standing to obtain the injunctive relief, Defendant, once again, relies on its erroneous and misguided argument that "Plaintiff [] lacks Article III standing to seek injunctive relief." <u>Motion</u> at 11. As stated above, Plaintiff *fundamentally* possesses Article III standing to hold Defendant liable for violating 42 U.S.C. § 227(c) and none of Defendant's erroneous readings of the FAC support finding otherwise.

18. Further, Defendant's claim that *there is no substantial likelihood that she will be injured again in the future by Defendant, Plaintiff draws attention to the fact that, as Plaintiff made clear in the FAC, no relationship whatsoever existed between Plaintiff and Defendant capable of garnering any communication from Defendant, and Defendant had no right whatsoever to contact Plaintiff via any means.* <u>FAC</u> at ¶ 13-14 (alleging, among other things, that "Defendant had no expectation or reason to believe it could send the complained of marketing text messages to Plaintiff for any reason."). Clearly, Plaintiff had no reason to even suspect that Defendant had Plaintiff's contact information, let alone the willingness to target Plaintiff with unlawful marketing text messages. Yet, nevertheless, Defendant proceeded with the complained of unlawful text message marketing campaign. The fact that, despite Plaintiff having registered her telephone number on the National Do-Not-Call Registry in 2017, Plaintiff received unlawful marketing text messages from Defendant gives assurance that a substantial likelihood that Defendant will continue its unlawful marketing campaign exists and, as such, the injunctive relief sought by Plaintiff is appropriate.

LAW OFFICES OF JIBRAEL S. HINDI, PLLC
110 SE 6th Street, 17th Floor | Ft. Lauderdale, Florida 33301 | Phone (954) 907-1136 | Fax (855) 529-9540
www.JibraelLaw.com

## CONCLUSION

19.     Plaintiff has satisfied the Rule 8 requirement by alleging a short and plain statement of the claim showing that she (Plaintiff) is entitled to relief and should not have her lawsuit short circuited at the first stage of the proceedings. Plaintiff alleged sufficient facts that Defendant sent **two or more** unsolicited marketing/promotional messages to Plaintiff, despite Plaintiff registering her telephone number with the National Do-Not-Call Registry on **May 20, 2017**, the likes of which began on or about October 5, 2019. Plaintiff's complaint contains cognizable legal theories and sufficient facts to support cognizable legal claims. Thus, Defendant's Motion to Dismiss [D.E. 14] should be denied.

**WHEREFORE**, Plaintiff asks this Court to *deny* Defendant's objectively frivolous Motion to Dismiss, and in so doing, award Plaintiff attorneys' fees and cost for having to respond to the same.

DATED: June 22, 2020

Respectfully Submitted,

 /s/ Thomas J. Patti
**JIBRAEL S. HINDI, ESQ.**
Florida Bar No.: 118259
E-mail:     jibrael@jibraellaw.com
**THOMAS J. PATTI, ESQ.**
Florida Bar No.: 118377
E-mail:     tom@jibraellaw.com
The Law Offices of Jibrael S. Hindi
110 SE 6th Street, Suite 1744
Fort Lauderdale, Florida 33301
Phone:     954-907-1136
Fax:         855-529-9540

*COUNSEL FOR PLAINTIFF*

**CERTIFICATE OF SERVICE**

The undersigned certifies that on June 22, 2020, the forgoing was electronically via the Court's CM/ECF system on all counsel of record.

    /s/ Thomas J. Patti
**THOMAS J. PATTI, ESQ.**
Florida Bar No.: 118377

PAGE | **10** of **10**

LAW OFFICES OF JIBRAEL S. HINDI, PLLC
110 SE 6th Street, 17th Floor | Ft. Lauderdale, Florida 33301 | Phone (954) 907-1136 | Fax (855) 529-9540
www.JibraelLaw.com